**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                                  Criminal No. 06-440  RHK/AJB

            Plaintiff,

v.                                                                              **REPORT AND RECOMMENDATION**

(1)    JOSE ALBERTO MARQUEZ-RIOS,
(2)    SYLVIA ALVARADO-GALARZA, and
(3)    CANDIDO CARRETERO-LINARES,

            Defendants.


        Andrew R. Winter, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

        Lee R. Johnson, Esq., for defendant, Jose Alberto Marquez-Rios;

        Manny K. Atwal, Esq., for defendant Sylvia Alvarado-Galarza; and

        Steve L. Bergeson, Esq., for defendant, Candido Carretero-Linares.


        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on January 19, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  The Court issued separate Orders on Motions dated January 22, 2007, reserving a motion to suppress evidence and a motion for severance for submission to the district court on report and recommendation.

        Based upon the file and documents contained therein, along with an exhibit received at hearing, the Magistrate Judge makes the following:

**Findings**

        **Search Warrant.**  On November 21, 2006, United States Magistrate Judge Susan

Richard Nelson issued a warrant to search a particularly identified location in St. Paul, Minnesota, described as an up/down duplex, brown with white trim and an unattached garage on the north side. (Hearing Exh. No. 2).[1]  The search warrant identified the objects of the warrant as illegal narcotic, including methamphetamine; records relating to drug distribution activities; travel documents; financial records; evidence relating to concealment of drug proceeds; photos; address and telephone books; indicia of premises ownership; drug paraphernalia; and cell phone and their electronically stored contents.   The warrant was issued on the basis of probable cause contained in the Affidavit of DEA Task Force Officer Randall Olson, including confidential informant and surveillance information.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly identified location in St. Paul, Minnesota, described as an up/down duplex, brown with white trim and an unattached garage on the north side  (Hearing Exh. No. 2), was not unlawfully obtained in violation of the constitutional rights of defendant Jose Alberto Marquez-Rios. The residence search warrant was issued on November 21, 2006, and was based upon sufficient probable cause as stated in the Affidavit of DEA Task Force Officer Randall Olson and as determined by United States Magistrate Judge Susan Richard Nelson. The warrant properly and sufficiently identified the location of the search and the items to be seized. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

---

[1] A second search warrant with supporting affidavit and application was offered and received as Hearing Exh. No. 1.  There is no challenge by defendants to the Exh. No. 1 search warrant.

**Severance of Defendants.** Severance of defendants for separate trials is not required in this case. Defendant Candido Carretero-Linares has not shown that severance of defendants for purposes of trial is necessary to avoid risk of compromising any specific trial right to which each of the defendants is entitled or is necessary to prevent the jury from making a reliable judgment as to the guilt or innocence of each of them with respect to individual counts. The indictment alleges conspiracy to distribute methamphetamine by all three defendants and alleges that the defendants aided and abetted one another in the distribution of methamphetamine.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993). Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991), cert. denied 502 U.S. 813 (1991). The co-defendants in this matter have been indicted for conspiring with one another and aiding and abetting one another to distribute methamphetamine. Under these circumstances, the general rule in the Federal system is that the co-conspirators should be tried together. The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

Defendant Candido Carretero-Linares asserts that he would be prejudiced by joinder with other defendants because the jury will be unable to compartmentalize evidence with respect to each defendant, evidence may be introduced by co-defendants which would otherwise be inadmissible against other defendants, defendant will be unable to present exculpatory evidence through co-defendants, and he may be denied the right to confrontation with respect to statement by co-defendants.  Defendant has not offered particularized argument on the motion to sever defendants.

The trial court's duty on a motion for severance is to weigh prejudice resulting from a single trial against the expense and inconvenience of separate trials.  United States v. Parra, 2 F.3d 1058, 1062 (8th Cir. 1993).  In this regard the defendant has not shown that a specific trial right of any individual co-defendant would be compromised by joint trial and appears to rely upon general assertions as the basis for the motion.  Defendant simply has not shown that any of the specific rights that establish the foundation for a fair trial would be prejudiced by joinder of defendants and has not shown any inherent prejudice in the joinder.

The indictment sufficiently delineates the charges and identifies those defendants charged with each offense.  Based upon the indictment and exhibits produced at hearing the Court finds no justification for severance and concludes that the roles of the defendants are sufficiently distinct and identifiable that a jury, with the aid of instructions, will be fully able to distinguish the various defendants with respect to the separate counts and will be able to properly compartmentalize the evidence relating to each defendant and to each count.  U.S. v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1987).  The motion for separate trials should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the

following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Jose Alberto Marquez-Rios' Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied**  [Docket No. 48]; and

2. Defendant Candido Linares Carretero's Motion for Severance be **denied**  [Docket No. 55].


Dated:   January 22, 2007


      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 5, 2007.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.